IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARY L. LYLES, | § | |
|     *Plaintiff*, | § | Civ. Action No. SA-09-CA-0828-FB |
| | § | |
| v. | § | |
| | § | |
| UNIVERSITY OF TEXAS HEALTH SCIENCE | § | |
| CENTER, SAN ANTONIO; DENNIS | § | |
| BLESSING; MARILYN HARRINGTON; | § | |
| JUDITH COLVER; ROOSEVELT DAVIS; | § | |
| DOUG BEARDEN; MICHAEL GEELHOED; | § | |
| BRUCE BUTTERFRAS; ROBERT WILKINS; | § | |
| FRANCISCO CIGARROA, | § | |
|     *Defendants*. | § | |

_____

**DEFENDANTS' MOTION TO DISMISS**
_____

TO THE HONORABLE FRED BIERY:

Defendants University of Texas Health Science Center, San Antonio ("UTHSC-SA"); Dennis Blessing; Marilyn Harrington; Judith Colver; Roosevelt Davis; Doug Bearden; Michael Geelhold; Bruce Butterfras; Robert Wilkins; and Francisco Cigarroa (collectively, the "Defendants"), by and through their undersigned attorney, file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint and, in support thereof, respectfully show the Court as follows:

**I. INTRODUCTION**

In this action, Plaintiff Gary Lyles has sued UTHSC-SA and numerous individual defendants associated with UTHSC-SA, alleging that Defendants discriminated against him by dismissing him from the Physician Assistant Program at UTHSC-SA. (Compl. ¶¶6-11.) In particular, Plaintiff alleges that Defendants applied an improper academic standard to him, which

required that he maintain a 2.75 grade point average ("GPA"), when the purportedly correct grading policy required only that he maintain a 2.00 GPA. (Compl. ¶8.) Because Plaintiff allegedly had a 2.49 GPA, he claims that his dismissal was improper. (*Id.*)

Based on these allegations, Plaintiff brings a single substantive cause of action for discrimination on the basis of race, gender and disabilities under Title VI of the Civil Rights Act of 1974, 42 U.S.C. §2000d, *et seq.* (Compl. ¶¶6-11.) Plaintiff seeks damages, as well as injunctive relief ordering that, among other things, he be re-admitted into the Physician Assistant Program at UTHSC-SA and subject to the academic standards he alleges should apply to him. (Compl. ¶¶10-18.)

Plaintiff's claims, however, suffer from fatal flaws that require dismissal of this case. As an initial matter, Plaintiff's Title VI claim is time barred by the applicable two-year statute of limitations. Furthermore, Plaintiff cannot maintain his claims against the individual Defendants, as there is no individual liability under Title VI. Finally, Plaintiff's claims for gender and disability discrimination are improper because Title VI only addresses discrimination on the basis of race, color or national origin. In short, Plaintiff has failed to state a cognizable claim, and this case should, therefore, be dismissed.

## II. ARGUMENT

**A.     Standard of Review**

The Federal Rules of Civil Procedure permit dismissal of a lawsuit at the pleading stage if the plaintiff has failed to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal for failure to state a claim is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *ABC Arbitrage Pls. Group v. Tchuruk*, 291 F.3d 336, 348 (5th Cir. 2002). Thus, "[t]he

central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir.2000)).

While the Court must accept the specific factual allegations in the pleadings as true when deciding a motion to dismiss, *Hughes*, 278 F.3d at 420, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Therefore, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent dismissal under Rule 12(b)(6)." *ABC Arbitrage*, 291 F.3d at 348. Furthermore, when ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider the contents of the pleadings, as well as documents either attached to or incorporated by reference into the complaint. *See Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("the court may review the documents attached to the motion to dismiss, *e.g.*, the contracts in issue here, where the complaint refers to the documents and they are central to the claim."); *Bosier v. Gila Group & Mun. Services Bureau*, No. A-07-CA-888 LY, 2008 WL 4279928, at *3 n.2 (W.D. Tex. Sep. 12, 2008) ("matters that are attached to a motion to dismiss may be considered if they are 'central to' the plaintiff's claim.").

**B.     Plaintiff's Title VI Claim Is Time Barred.**

Plaintiff has failed to state a Title VI claim in this case because his claim is time barred. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, Inc., 339 F.3d 359, 366 (5th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does

not make the statute of limitations any less an affirmative defense[.]"). Because there is no federal statute of limitations provided for claims brought under Title VI, the Court "borrow[s] the forum state's general personal injury limitations period, which in Texas is two years." *Griffin v. Round Rock Indep. School Dist.*, 82 F.3d 414 (table), 1996 WL 166999, at *1 (5th Cir. Mar. 7, 1996) (citing TEX. CIV. PRAC. & REM. CODE §16.003); *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993) (affirming dismissal of Title VI claim under two-year statute of limitations); *Achee v. Port Drum Co.*, 197 F. Supp. 2d 723, 728 (E.D. Tex. 2002) (applying two-year statute of limitations claim to Title VI claims); *Carter v. University of Conn.*, Civ. A. No. 3:04cv1625(SRU), 2006 WL 2130730, at *2 (D. Conn. July 28, 2006) (applying state's personal injury statute of limitations to Title VI claims in academic dismissal case). Furthermore, in cases alleging discrimination, the filing period begins to run when facts supportive of a "civil rights action are or should be apparent to a reasonably prudent person similarly situated, ... or upon the happening of events which, in fairness and logic, should have alerted the average lay person to act to protect his rights, or when he should have perceived that discrimination was occurring." *Nilsen v. City of Moss Point*, 621 F.2d 117, 121 (5th Cir.1980) (citations and internal quotation marks omitted). Thus, in cases alleging a discriminatory discharge, the statute begins to run no later than date of discharge, "because the discharge itself is the basis for the discrimination suit." *Frazier*, 980 F.2d at 1521.

In this case, Plaintiff filed his complaint on October 8, 2009. Thus, his Title VI claim is time barred if he was dismissed from the UTHSC-SA Physician Assistant Program prior to October 8, 2007. It is clear from the documents incorporated by reference into Plaintiff's complaint and central to his claim that he was dismissed on August 27, 2007, well *before* October 8, 2007. *See Kane*, 322 F.3d at 374 (considering documents incorporated by reference

into complaint on a motion to dismiss).

In his complaint, Plaintiff cites to, and quotes directly from, a letter sent to Plaintiff by Defendant Cigarroa on November 30, 2007, regarding Plaintiff's appeal of his dismissal. (Compl. ¶10.) In this letter, Defendant Cigarroa states:

> On August 27, 2007, you were informed in writing, by Professor Judith E. Colver of your dismissal. You subsequently appealed the decision to Dean Marilyn Harrington on September 11, 2007. The Dean's office convened a Hearing Panel of five which includes Roosevelt Davis, Doug Bearden, Bruce Butterfras, Michael Geelhoed, and Robert Wilkins, to hear your appeal on October 4, 2007. You were afforded the opportunity to provide witnesses and additional documentation at the hearing to support your position.
>
> The Hearing Panel made the decision to uphold your dismissal and you were informed, on October 8, 2007, of your rights to appeal to both the Dean of the School of Allied Health Sciences and the President on the process only.

(Letter dated November 30, 2007, attached hereto as Exhibit 1.) As the letter makes clear, Plaintiff was dismissed from the Physician Assistant Program at UTHSC-SA on August 27, 2007. Moreover, he was well aware of this fact long before October 8, 2007, as he initiated his appeal process on September 11, 2007. (*Id.*) His Title VI claim is, therefore, time barred.

Plaintiff does allege in his complaint that he was "adversely removed from the Physician Assistant Program October 8, 2007." (Compl. ¶5.) Upon a close reading, it is evident that the complaint does not allege that Plaintiff was dismissed *on* or *after* October 8, 2007. Indeed, those words are conspicuously absent from the complaint, as are more accurate words like *well before* or *prior to*. The November 30, 2007 letter makes clear that Plaintiff was dismissed well before October 8, 2007.

Nevertheless, Plaintiff may attempt to argue that the limitations period did not begin to run until the hearing panel upheld his dismissal on October 8, 2007. However, the law is well

settled that the limitations period for discrimination claims begins to run upon dismissal, and is neither based on, nor tolled during the pendency of, an administrative appeal. *See Del. State College v. Ricks*, 499 U.S. 250, 261 (1980) ("This limitation period is not tolled by the pendency of a grievance or other review process that may take place after the employee is informed of the adverse employment decision.") (Title VII and section 1981 claims); *Hartz v. Administrators of Tulane Educ. Fund*, 275 Fed. Appx. 281, 287 (5th Cir. 2008) ("the operative date from which the limitations period begins to run is the date of notice of the adverse action, not the date that the adverse action takes effect.") (Title VII claim); *Verrett v. Dallas Indep. School Dist.*, Civ. A. No. 3:07-CV-585-B, 2008 WL 4133338, at *3 (Sept. 3, 2008) ("the pendency of Verrett's appeals has no tolling effect on the limitations period.") (Title VII and ADEA claims); *Martin v. Clemson Univ.*, --- F. Supp. 2d ---, 2009 WL 2782182, at *19 (D.S.C. Aug. 28, 2009) (applying rule to dismiss Title VI claims).

It is plainly evident from the allegations of the complaint and the documents cited therein that Plaintiff was dismissed from the Physician Assistant Program at UTSCH-SA on August 27, 2007. Because Plaintiff filed his complaint more than two years after his dismissal, his Title VI claim is time barred and should be dismissed with prejudice. *See Verdi v. Texas*, No. 08-10583, 2008 WL 4584785, at *1 (5th Cir. Oct. 15, 2008) (affirming dismissal with prejudice on statute of limitations grounds).

**C.    The Individual Defendants Cannot Be Held Liable Under Title VI.**

In addition to Plaintiff's Title VI claim being time barred, Title VI cannot support any claim against the individual defendants. Plaintiff names as Defendants not only UTHSC-SA, but also nine individual defendants associated with UTHSC-SA, eight of them in their individual and official capacities and one, Dr. Cigarroa, only in his official capacity. (Compl. ¶2.) However, it

is well-settled that individuals cannot be held liable under Title VI. *See Price ex rel. Price v. Louisiana Dept. of Educ.*, 329 Fed. Appx. 559, 561 (5th Cir. 2009) ("the district court correctly noted that only public and private entities can be held liable under Title VI. The dismissal of the plaintiffs' claims against the individual officials named in the complaint was therefore proper."); *DeLeon v. City of Dallas*, Civ. A. No. 3:02-CV-1097-K, 2008 WL 2941245, at *5 (N.D. Tex. July 25, 2008) ("The proper defendant in a Title VI case is an entity receiving federal financial assistance. Because De La Paz is an individual, not an entity that receives federal financial assistance, he cannot be sued in his individual capacity under Title VI.") (citations omitted). The claims against the individuals in their individual capacities should, therefore, be dismissed for this additional reason.

**D.     Plaintiff Has Failed To State A Claim For Gender Or Disability Discrimination.**

Finally, even if Plaintiff could assert a viable Title VI claim against any of the Defendants (which he cannot), Plaintiff has failed to allege any basis for relief for his gender and disability discrimination claims. Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000d. As is clear from the plain language of the statute, Title VI addresses discrimination on the basis of "race, color or national origin," and says nothing of gender or disability discrimination.

Here, Plaintiff has brought a single substantive claim under Title VI.[1] Nevertheless, Plaintiff alleges that "Defendant intentionally discriminated against plaintiff because of his race,

---

[1] Plaintiff cites to other statutory regimes in his jurisdictional allegations, including the Americans with Disabilities Act and the Rehabilitation Act. (Compl. ¶3.) However, Plaintiff does not assert any causes of action pursuant to these other statutes.

*Defendants' Motion to Dismiss*                                                                                                       7

gender and disabilities." (Compl. ¶8.) Because Title VI does not address discrimination on the basis of gender or disability, Plaintiff's claims for such discrimination should be dismissed. *See Shannon v. Lardizzone*, No. 08-3049, 2009 WL 1705664, at *1 n.1 (3d Cir. June 18, 2009) ("Title VI does not cover gender discrimination."); *Salamon v. Our Lady of Victory Hosp.*, No. 99-CV-0048E(H), 1999 WL 955513, at *3 (W.D.N.Y. Oct. 5, 1999) ("Because Title VI provides no relief for gender discrimination … her [sexual harassment/sexual discrimination] claim will be dismissed.").

## III.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court issue an order dismissing Plaintiff's complaint in its entirety and awarding Defendants such costs as were incurred in bringing this motion.


Dated:  December 11, 2009     GREG ABBOTT
                              Attorney General of Texas

                              C. ANDREW WEBER
                              First Assistant Attorney General

                              DAVID S. MORALES
                              Deputy Attorney General for Civil Litigation

                              ROBERT B. O'KEEFE
                              Chief, General Litigation Division


                              /s/ Darren G. Gibson_____
                              **DARREN G. GIBSON**
                              Texas Bar No. 24068846
                              Darren.Gibson@oag.state.tx.us
                              **SHELLEY DAHLBERG**
                              Texas Bar No. 24012491
                              Shelley.Dahlberg@oag.state.tx.us
                              Assistant Attorneys General

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of Defendants' Motion to Dismiss was served via *Certified U.S. Mail, Return Receipt Requested*, on December 11, 2009, to:

Regina M. Scrivner-Tibbs, Esq.
111 Soledad, Suite 1305-B
San Antonio, Texas 78205
*Attorney for Plaintiff*

                        /s/ Darren G. Gibson
                        **DARREN G. GIBSON**
                        Assistant Attorney General