# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GARY L. LYLES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | SA-09-CV-0828 FB (NN) |
| SCIENCE CENTER, SAN ANTONIO; | § | |
| DENNIS BLESSING; | § | |
| MARILYN HARRINGTON; | § | |
| JUDITH COLVER; | § | |
| ROOSEVELT DAVIS; | § | |
| DOUG BEARDEN; | § | |
| MICHAEL GEELHOED; | § | |
| BRUCE BUTTERFRAS; | § | |
| ROBERT WILKINS; and | § | |
| FRANCISCO CIGARROA, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Fred Biery
United States District Judge

This report and recommendation addresses the motions pending in this case. I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district judge's order of referral.[1] After considering the pleadings in this case, the applicable law and controlling standards, I recommend dismissing this case.

**Nature of the Case**. Plaintiff Gary L. Lyles filed this lawsuit alleging that he was removed from the University of Texas Health Science Center's physician assistant program because of his race, gender and disability. As defendants, Lyles named the University of Texas

---

[1]Docket entry # 15.

Health Science Center and various individual employees associated with the removal. Lyles relied on Title VI of the Civil Rights Act of 1964,[2] Title II of the Americans with Disabilities Act (ADA),[3] and section 504 of the Rehabilitation Act.[4] The defendants moved to dismiss Lyles's claims, in part, on grounds of limitations.[5] Lyles responded by asking to amend his complaint[6] to add causes of action under 42 U.S.C. §§ 1981, 1983, for violation of the equal protection clause, and to plead the continuing violations doctrine and the catch-all federal limitation provision.

**Whether Lyles's claims should be dismissed**. The defendants rely on Rule 12(b)(6).[7] That rule permits a defendant to move to dismiss for "failure to state a claim upon which relief may be granted."[8] In considering a Rule 12(b)(6) motion, the district court may consider documents attached to a motion to dismiss referred to in the plaintiff's complaint that are central

---

[2]Title VI of the Civil Rights Act of 1964 provides as follows: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

[3]Title II of the ADA provides as follows: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

[4]Section 504 of the Rehabilitation Act provides as follows: "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794.

[5]Docket entry # 4.

[6]Docket entry # 11.

[7]Fed. R. Civ. P. 12 (b)(6).

[8]*Id*.

2

to the plaintiff's claim."[9] The defendants attached a letter from individual defendant Francisco G. Cigarroa to their motion to dismiss.[10] The letter upheld Lyles's dismissal from the physician assistant program. The district court may consider the letter because Lyles referred to the letter in his complaint and because Lyle's allegations show the letter is central to his claims. Lyles quoted from the letter in his complaint to illustrate what he characterizes as intentional discrimination and relied on the letter to show that he exhausted his administrative remedies. Lyles also used the letter to illustrate the defendants' discriminatory intent, by comparing the 2.75 required grade point stated in the letter with the 2.00 required grade point average allegedly reflected in the 2007 student manual.

The defendants argued that the letter shows that Lyles's claims are time barred by the applicable two-year statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[11] Texas's two-year statute of limitations for personal injury claims applies to Lyles's claims.[12] The two-year limitations period began to

---

[9] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

[10] Docket entry 4, app'x 1.

[11] *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003).

[12] *Frame v. City of Arlington*, 575 F.3d 432, 437 (5th Cir. 2009) ("[T]he Texas two-year statute of limitations for personal injury claims applies in Title II cases filed in Texas federal courts."); *Griffin v. Round Rock Indep. Sch. Dist.*, No. 95-50762, 1996 WL 166999, at * 1 (5th Cir. Mar. 7, 1996) (applying Texas's two-year limitations period for personal injury claims to the plaintiff's Title VI claim); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1521 (5th Cir. 1993) (agreeing with the district court that when there is "no federal statute of limitations for a cause of action arising under a federal civil rights statute, the federal courts must apply the most appropriate statute of limitations period provided by state law"); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983 (5th Cir. 1992) (applying Texas's two-year limitations period to the plaintiff's Rehabilitation Act claim); *Eber v.*

run when Lyles "receive[d] unequivocal notice of the facts giving rise to his claim or a reasonable person would know of the facts giving rise to a claim."[13]

Cigarroa's letter shows that Lyles received unequivocal notice of the facts giving rise to his claim when he was dismissed from the physician assistant program. The letter stated the following: "On August 27, 2007, you were informed in writing, by Professor Judith E. Colver of your dismissal." Because Cigarroa's letter shows that Lyles was dismissed from the program on August 27, 2007, the limitations period began to run on August 27, 2007. To fall within the limitations period, Lyles had to file his claim by August 28, 2009. Lyles filed his claim on October 8, 2009—after August 28, 2009 and thus outside of the limitations period.

Lyles does not dispute the removal date, but seeks to amend his complaint to assert reliance on the continuing violations doctrine and the federal catch-all limitations provision. In the proposed amended complaint, Lyles characterized the denial of his application for readmission in Fall 2007 and January 2008 as continuing violations of his rights under various federal statutes and alleged that he continues to suffer injury because his academic credits and

---

*Harris County Hosp. Dist.*, 130 F. Supp. 2d 847, 870 (S.D. Tex. 2001) (concluding that the two-year statute of limitation applies to claims brought in Texas under Title II of the ADA). *See also Cheeney v. Highland Community College*, 15 F.3d 79, 81 (7th Cir. 1994) (explaining that courts must borrow the forum state's statute of limitations governing personal injury suits and applying the forum's limitations period to a claim under the Rehabilitation Act); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (applying Kansas's two-year limitations period for personal injury actions to the plaintiff's claim under the Rehabilitation Act).

[13]*Burfield v. Brown, Moore & Flint*, 51 F.3d 583, 589 (5th Cir. 1995) (explaining accrual as it applies to ADA plaintiff's employment discrimination case). *See Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987) (stating that "a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint" and applying that rule to the plaintiff's claims under sections 1981, 1983, 1985 and 1988).

residency are not transferrable.[14]

"The continuing violations theory provides that where the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred."[15] "Under the 'continuing violations doctrine,' a plaintiff may complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time."[16] Lyles, however, has not alleged an ongoing pattern of discrimination. Instead, he complains about a specific and allegedly discriminatory act—his removal from the physician assistant program. Lyles makes it clear in his complaint his belief that the decision to remove him from the physician assistant program, standing alone, constituted discrimination.[17] Removal from the program should have triggered Lyles's awareness of a duty to assert his rights.[18] Indeed, the removal did trigger Lyles's awareness such that he initiated the university's appeal process. The refusal to readmit Lyles to the program may be related to his

---

[14]Docket entry # 11, pp. 2-4, 10.

[15]*MacGregor v. La. St. Univ. Bd. of Supervisors*, 3 F.3d 850, 866 (5th Cir. 1993). *See Frame v. City of Arlington*, 575 F.3d 432, 438 (5th Cir. 2009) ("The continuing violations doctrine, which typically arises in the context of employment discrimination, relieves a plaintiff of a limitations bar if he can show a series of related acts to him, one or more of which falls within the limitations period.").

[16]*Celestine v. Petioles De Venezuela SA*, 108 Fed. App'x 180, 184-85 (5th Cir. 2004).

[17]*Accord Avena v. Tex. Dep't Human Servs.*, No. 02-50322, 2003 WL 147738, at * 3 (5th cir. Jan. 7, 2003) ("Avena makes clear in his briefs his belief that the initial decision to hire Smith instead of him, standing alone, constituted discrimination.").

[18]*See Messer v. Meno*, 130 F.3d 130, 135 (5th Cir. 1997) (" The core idea [of the continuing violations theory,] however, is that [e]quitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights.").

removal from the program, but the denial of readmission is a discrete act in itself, not part of a series of discrete acts manifested over time.[19] Likewise, the inability to transfer academic credits and residency is an effect of an allegedly discriminatory action. The continuing violations doctrine does not apply to Lyles's claim. Lyles's claims under Title VI of the Civil Rights Act of 1964, Title II of the ADA, and section 504 of the Rehabilitation Act are time-barred. The claims should be dismissed.

**Whether Lyles should be permitted to amend his complaint**. "Rule 15(a) evinces a bias in favor of granting leave to amend, when justice so requires."[20] "The court should . . . give the plaintiff an opportunity to amend [her] complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted."[21]

Here, Lyles's proposed amended complaint shows that Lyles cannot state a claim upon which relief may be granted. Amending to assert reliance on the continuing violations doctrine will not state a claim upon which relief may be granted because the doctrine does not apply to Lyles's claims. Amending to add causes of action under 42 U.S.C. §§ 1981 and 1983 will not

---

[19]*See Frame v. City of Arlington*, 575 F.3d 432, 438 (5th Cir. 2009) (rejecting the plaintiffs' characterization of noncompliant curbs, sidewalks, and parking lots as continuing violations under the ADA); *Randle v. Local 28 Int'l Longshoremens Ass'n*, 255 Fed. App'x 842, 847 (5th Cir. 2007) (determining that the continuing violations doctrine did not apply to the retention of membership dues; the plaintiffs complained of one discrete act—the union's decision to retain membership dues from container royalties—even though the decision continued to have repercussions); *Pegram v. Honeywell*, 361 F.3d 272, 279 (5th Cir. 2004) ("This court has consistently held that the continuing violations doctrine is equitable in nature and extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts.").

[20]*Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996).

[21]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

state a claim upon which relief may be granted because the limitations period for such claims is two years.[22] Amending to assert reliance on the catch-all federal statute of limitations will not state a claim upon which relief may be granted because the provision does not apply to Lyles's claims.[23] Because the proposed amended complaint will not state a claim, an amendment is futile. The district court need not give Lyles an opportunity to file a futile complaint. This case is appropriately dismissed.

**Recommendation**. For the reasons discussed in this report, I recommend GRANTING the defendants' motion to dismiss (docket entry # 4), DENYING Lyles's motion to amend (docket entry # 11), and DISMISSING this case. If the district court does not dismiss this case, I will prepare a supplemental report addressing the defendants' other arguments for dismissal.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days

---

[22] *See Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir. 2005) (explaining that Texas's two-year limitations period for personal injuries applies to section 1983 claims); *Wagner v. Texas A & M Univ.*, 939 F. Supp. 1297, 1317 (S.D. Tex. 1996) ("Because § 1983 claims are most analogous to Texas personal injury claims, the applicable statute of limitations is two years, as set forth in Tex. Civ. Prac. & Rem. Code Ann. § 16.003."); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 250 (5th Cir. 1980) (stating that Texas's two-year limitations period applied to section 1981 actions); *Guerra v. Manchester Terminal Corp.*, 498 F.2d 641, 648 (5th Cir. 1974) (determining that Texas's two-year limitations period applied to the plaintiff's section 1981 claim for back wages).

[23] *Adams v. R.R. Donnelley & Sons*, 149 F. Supp. 2d 459, 465 (N.D. Ill. 2001) (determining that 28 U.S.C. § 1658 does not apply to section 1981 claims).

after being served with a copy of same, unless this time period is modified by the district court.[24] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

    **SIGNED** on March 24, 2010.

                                                                    _/s/ Nancy Stein Nowak_
                                                                   NANCY STEIN NOWAK
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[24] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[25] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).